IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, | ) ) ) |
| Plaintiff, | ) No. 24-cv-5744 ) |
| v. | ) Judge Jeffrey I. Cummings ) |
| CONTINENTAL WESTERN INSURANCE COMPANY and ENVIRONMENTAL LIGHTING SERVICE, LLC | ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff National Fire Insurance Company of Hartford ("National Fire") and defendant Continental Western Insurance Company ("Continental Western") both filed cross declaratory judgment actions seeking to determine which party owed a duty to indemnify insured Lee Lewis Construction, Inc. ("Lee Lewis"), in relation to an underlying lawsuit and whether either party is entitled to recoup funds used to settle the underlying lawsuit. Before the Court is Continental Western's motion to transfer this lawsuit from this Court to the Northern District of Texas, (Dckt. #14). For the reasons discussed below, the Court grants the motion and transfers this case.

**I.     LEGAL STANDARD**

Pursuant to 28 U.S.C. §1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice," transfer a civil case to "any other district or division where it might have been brought." The party requesting transfer must show that: "(1) venue is proper in both the transferor and the transferee courts; (2) the transfer will serve the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice." *Bd. of Tr. of the Auto. Mechs.' Local No. 701 & Indus. Welfare Fund v. Brown*, No. 12 CV 10268, 2014 WL 4057367,

at *1 (N.D.Ill. Aug. 14, 2014). An analysis under Section 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness," *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964), and the court is therefore granted "sound discretion" regarding the appropriate weight to afford to each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) ("[W]eighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude.").

## II.   BACKGROUND

In January 2021, Kyle Frost filed suit in Texas state court against Lee Lewis, among others, alleging that he was injured while working at a Dallas Audi Dealership by a garage door that pulled him off the ground, trapped him as the door rolled up, and injured him once he fell to the concrete ground. (Dckt. #20 ¶¶6–11). The Frost lawsuit alleges that his injuries occurred because of the named defendants' negligence. (Dckt. #14 at 3). Before Frost's injury, Lee Lewis entered into a subcontract with Environmental Lighting Service, LLC ("ELS"). (Dckt. #1-2). National Fire and Continental Western became involved because they insured Lee Lewis and ELS, respectively. National Fire issued a commercial general liability insurance policy to Lee Lewis and Continental Western issued a commercial liability insurance policy and commercial liability umbrella policy to ELS. (Dckt. ##13-3; 13-4). Continental Western agreed to defend Lee Lewis in the Frost lawsuit, "subject to a full and complete reservation of rights to later deny coverage under the Continental Western Policy." (Dckt. #13 ¶22). The Frost lawsuit reached a settlement in principle in January 2024. (*Id.* ¶23). National Fire and Continental Western entered into a Funding Agreement for the purpose of finalizing the settlement whereby National Fire agreed to pay $1,000,000 and Continental Western agreed to pay $1,500,000 toward the settlement. Now, the parties seek to recoup the funds spent to settle the Frost lawsuit and

determine whether each respective party owed coverage for events at issue in the underlying lawsuit. (*Id.* ¶¶28).

## III. DISCUSSION

As a threshold matter, the parties do not contest that both the transferor court (this Court) and the transferee court (the Northern District of Texas) are proper venues. *See Poppie v. Allied Waste Transportation, Inc.*, No. 25 CV 1328, 2025 WL 2043984, at *1 (N.D.Ill. July 21, 2025) (before weighing convenience and the interests of justice, court should consider threshold question of venue).[1]

### A. Convenience—Private Factors

When evaluating convenience, courts look to five "private" factors: "(1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties litigating in the respective forums; and (5) the convenience of the witnesses." *Bd. of Tr. of the Auto. Mechs.' Local No. 701*, 2014 WL 4057367, at *2 (citing *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D.Ill. 2000)).

#### i. National Fire's Initial Choice of Forum Slightly Weighs Against Transfer.

Continental Western argues that National Fire's choice of forum should be afforded little weight because the insurance policies at issue concern parties in the Northern District in Texas, the Funding Agreement at issue contains a choice of law provision selecting Texas law, and the underlying lawsuit occurred in Texas. Continental Western additionally argues that, while National Fire is a corporation organized under Illinois law, it conducts business in all fifty states and thus has a geographic connection well beyond this district.

---

[1] *Compare* Dckt. #13 ¶7 (Continental Western denying that venue is proper in this district) *with* Dckt. #14 at 5 (Continental Western acknowledging that venue is proper in this district and admitting that this is a prerequisite to transfer a case under 28 U.S.C. §1404(a)). National Fire, for its part, fails to address venue in its opposition brief. (*See generally* Dckt. #22).

3

National Fire responds that its choice of forum should weigh heavily against transfer and that the declaratory action presented here concerns "whether an Illinois entity (National Fire) or an Iowa entity (Continental Western) will bear the costs of the Funding Agreement." (Dckt. #22 at 4).

Although National Fire's choice of forum would normally be entitled to substantial deference, "this weight is decreased" by the fact that the Northern District of Illinois is not the main situs of material events, as discussed below. *Lee v. Love's Travel Stops & Country Stores, Inc.*, No. 15 CV 7774, 2015 WL 6742074, at *2 (N.D.Ill. Nov. 3, 2015). As such, National Fire's choice of forum will "not be accorded substantial deference but will instead be considered as one factor weighing against transfer." *Harris v. Ill. Dep't of Corr.*, No. 09 CV 3071, 2010 WL 145790, at *3 (N.D.Ill. Jan. 12, 2010).

### ii.  The Situs of Material Events Strongly Favors Transfer.

The Court next considers the situs of "material events," or the events "that give rise to the cause of action." *Lee*, 2015 WL 67420764, at *2 (N.D.Ill. Nov. 3, 2015) (citing *Aldridge v. Forest River, Inc.*, 436 F.Supp.2d 959, 961 (N.D.Ill. 2006)).

According to Continental Western, "this case is connected in virtually every way to the state of Texas and specifically the Northern District of Texas. In sharp contrast, the sole nexus between this matter and Illinois is that Illinois happens to be the location of National Fire's corporate offices." (Dckt. #14 at 8). Continental Western's argument relies on two primary points: (1) each of the relevant insurance policies were "solicited, negotiated, delivered to, and executed by insureds in the Northern District of Texas," (*id.*), and (2) the Funding Agreement at issue contains a choice of law provision selecting Texas law and also references the underlying lawsuit against Kyle Frost, which occurred in Texas, (*id.*).

For Continental Western's first point, an analogous case in this District, *Hartford Cas. Ins. Co. v. Topsail Sportswear, Inc.*, reasoned that, "[i]n similar cases," deference is given "to the forum where the insurance policy has been solicited, negotiated, delivered, and executed." No. 10 CV 1507, 2010 WL 2757556, at *2 (N.D.Ill. July 8, 2010) (citing *St. Paul Fire and Marine Ins. Co. v. Franklin Bank, S.S.B. and G.M. Sign.*, No. 6 CV 2571, 2006 WL 1543275, at *6 (N.D.Ill. June 1, 2006)). There, the plaintiff insurer had its principal place of business in Illinois, but all material events remained in North Carolina, where the subject insurance policies were solicited and where any "decisions made in relation to (including the interpretation of) the insurance policies," remained. *Hartford Cas. Ins. Co.*, 2010 WL 2757556, at *2 (cleaned up). This Court finds the decision in *Hartford Cas. Ins. Co.*, to be analogous and persuasive.

The Court also agrees with Continental Western's second point: namely, that the Funding Agreement itself recognizes the matter's nexus to Texas. In particular, the Funding Agreement selected Texas law to govern and concerns the settlement of the Frost lawsuit. The underlying lawsuit involves allegations of physical injuries sustained at a Dallas, Texas Audi dealership, where Kyle Frost alleges that, while working, he became trapped by a garage door and was pulled off the ground before being dropped onto concrete and sustaining injuries, (Dckt. #13 ¶10–11), such as "bleeding to his brain, broken ribs, and severe injuries to his head, neck, and back," (Dckt. #20 ¶10). Because Continental Western and National Fire participated in the underlying lawsuit and entered the settlement subject to a reservation of rights, they are now suing each other for their respective amounts owed to resolve the underlying suit with Frost. (*Id.* ¶28). Thus, the underlying lawsuit remains relevant here.

National Fire responds that this factor should be afforded little weight because the Funding Agreement (not the insurance policies) was executed *outside* the Northern District of Texas.

(Dckt. #22 at 4). Expanding this argument, National Fire claims that the Funding Agreement, including its signing, is the only material event that should be considered. (*Id.* at 5). National Fire does not dispute that the location of the underlying lawsuit was in Texas and that the policies were issued[2] outside this District but contends that this makes the situs of material events factor "mixed," and not requiring of significant weight. (*Id.*). The Court disagrees given that the relevant insurance policies and the underlying lawsuit all relate to the Northern District of Texas. As such, this factor strongly weighs in favor of transfer.

### iii. The Relative Ease of Access to Sources of Proof Favors Transfer.

Regarding the ease of access to sources of proof, there are no non-digital documents located within this District. In contrast, the site of the insureds is located in the Northern District of Texas. National Fire argues that discovery can be conducted digitally because "[t]his is a case of insurance policy and contract interpretation." (Dckt. #22 at 5). As Continental Western correctly points out, however, the cause of Frost's injuries was never adjudicated in the underlying lawsuit because it was settled. (Dckt. #14 at 10). Now, National Fire's present action includes allegations relating to Frost's cause of injuries, including that they were caused by ELS (Continental Western's insured) failing to turn off the garage door power. (*Id.* (citing Dckt. #1 ¶¶15–17)).

While National Power cites a number of cases in support of the proposition that "electronic discovery renders this factor neutral or insignificant," (Dckt. #22 at 6), such cases are unpersuasive here given that National Fire put at issue a dispute concerning *non-electronic* discovery. Furthermore, as the Court noted in *Cline v. Prudential Ins. Co. of Am.*, No. 23 CV 15091, 2024

---

[2] National Fire disputes that Continental Western's policies were "issued" in the Northern District of Texas, (Dckt. #22 at n.3), but this does not change the Court's analysis. Indeed, *Hartford Cas. Ins.*, says nothing about the place of a policy's issuance. Regardless, even assuming the policies were not issued in Texas (as Continental Western contends), and were issued in Mississippi (as National Fire contends), the policies were still issued outside of this District. (Dckt. #22 at n.3).

WL 3455089, at *2 (N.D.Ill. July 18, 2024), "[d]espite what Plaintiff believes the future of litigation holds or what the breadth of discovery will be, surely accessing documents in the state where the discovery is located is more convenient for the parties." The same is true here and this factor favors transfer.

    iv.    **The Parties' Convenience Slightly Weighs Against Transfer.**

In evaluating convenience of the parties, courts look to "the parties' respective residence[s] and their ability to bear the expenses of litigating in a particular forum." *Body Science LLC v. Bopston Scientific Corp.*, 846 F.Supp.2d 980, 996 (N.D.Ill. 2012). Continental Western focuses on witness convenience, a separate factor, and National Fire correctly points out that Continental Western is an Iowa corporation with its principal place of business in Iowa, making both this District and the Northern District of Texas inconvenient and requiring of travel. ELS is a Texas company, but ELS did not join Continental Western's motion to transfer.

This District is convenient for National Fire. (Dckt. #22 at 10, ("plaintiff 'obviously believe[d]' that the transferor venue was the most convenient forum since she chose to file the Lawsuit in that venue."), *quoting Graham v. United Parcel Service*, 519 F.Supp.2d 801, 801 (N.D.Ill. 2007)). It is an Illinois corporation in its home forum. This factor therefore slightly weighs against transfer.

    v.    **The Convenience of the Witnesses Factor Is Neutral.**

The last private factor to consider, the convenience of the witnesses, looks at "the nature, quality, and importance of their testimony." *Harris*, 2010 WL 145790, at *4. The convenience of non-party witnesses carries more weight than that of party witnesses because "'it is presumed that [party] witnesses will appear voluntarily.'" *Sojka v. DirectBuy, Inc.*, No. 12 CV 9809, 2014 WL

1089072, at *3 (N.D.Ill. March 18, 2014), *quoting Bullard v. Burlington N. Santa Fe Ry. Co.*, No. 07 CV 6883, 2008 WL 4104355, at *4 (N.D.Ill. Aug. 29, 2008).

Continental Western argues that witness testimony, to the extent it is necessary, will require witnesses located where the injuries occurred in Texas, such as ELS employees and Kyle Frost. (Dckt. #23 at 10–11). National Fire points out that Continental Western failed to submit an affidavit or any evidence of these witnesses and attaches evidence that Kyle Frost currently lives in Virginia. (Dckt. ##22 at 8–9; 22-1). Additionally, ELS is a party,[3] and any party convenience is addressed separately and carries less weight than non-party witness convenience because "'it is presumed that [party] witnesses will appear voluntarily.'" *Sojka*, 2014 WL 1089072, at *3 (cleaned up). Continental Western "bears the burden of 'specify[ing] the key witnesses to be called and mak[ing] at least a generalized statement of what their testimony would have included.'" *Lee*, 2015 WL 6742074, at *3, *quoting Cent. States, Se. & Sw. Areas Pension Fund v. Mid-W Ill. Concrete Construction, Inc.*, No. 14 CV 9939, 2015 WL 2330319, at *2 (N.D.Ill. May 14, 2015). Continental Western has only identified hypothetical party-witnesses and Kyle Frost, who is in neither the transferor nor transferee district. However, National Fire does not identify any non-party witnesses located in the Northern District of Illinois, so this factor does not favor transfer to the Northern District of Texas, nor does it favor the Northern District of Illinois, and is thus neutral.

In sum: in consideration of the above, the private factors favor transfer.

**B. Interests of Justice—Public Policy Factors**

To analyze the "interests of justice," courts consider public policy factors that "relate to the efficient administration of the court system," rather than "the merits of the underlying dispute." *Coffey*, 796 F.2d at 221. The applicable factors to be considered are: "(1) the speed at which the

---

[3] ELS did not join Continental Western's motion to transfer and is a defendant "solely to be bound by any judgment rendered in this case [and] [n]o specific relief is sought against ELS." (Dckt. #1 ¶5).

8

case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Lee*, 2015 WL 6742074, at *4. All of these public factors favor transferring this case to the Northern District of Texas.

   i.   **The Speed of Case Resolution Favors Transfer.**

For the speed at which this case will proceed to trial, Continental Western points to the Federal Court Management Statistics as evidence that a case in the Northern District of Texas takes half the time to proceed through trial (22.5 months), compared to this District (44.3 months). (Dckt. #14 at 12). For cases that do not reach trial, the median time difference between the two districts is 6.1 months. (*Id.*). National Fire argues that "insurance coverage declaratory judgment actions generally resolve on motions for summary judgment with no need to go to trial," relying on *Secura Ins. Co. v. Great Plains Management, LLC*, No. 22 CV 50343, 2023 WL 2079918, at *3 (N.D.Ill. Feb. 17, 2023). Even so, such considerations go to the weight afforded to this factor and do not negate that a Northern District of Texas case will (on average) reach trial 22 months faster than here. This factor therefore weighs in favor of transfer.

   ii.   **The Court's Familiarity with the Applicable Law Favors Transfer.**

The next factor considers the respective courts' familiarity with the applicable law. The Funding Agreement is governed by Texas law and the Northern District of Texas is undisputably more familiar with Texas law. National Fire posits that this case does not involve "unduly complex state law claims." (Dckt. #22 at 14). Nonetheless, Texas courts remain more familiar with interpreting their own state's laws regardless of the nature of the claims that are at issue. This factor weighs in favor of transfer.

    **iii.    The Desirability of Resolving Controversies in Each Locale and the Relation of Each Community to the Occurrence at Issue Weigh in Favor of Transfer.**

The last two factors look at the desirability of resolving controversies in each locale and each community's relation to the occurrence at issue. These factors also weigh in favor of transfer. The Northern District of Texas has a far greater desire to resolve controversies involving in-state insurance policies compared to this District. The underlying events leading to the Frost lawsuit and settlement occurred in the Northern District of Texas whereas this District has no relationship to the events. National Fire's argument that the insurance dispute will not impact anyone within the Northern District of Texas is unpersuasive. (Dckt. #22 at 14–15). On the contrary, the dispute here concerns Texas policies and can provide guidance for other insurers and insureds within the Northern District of Texas with policies containing comparable provisions.

In sum: the Court finds that the public factors concerning the interests of justice clearly favor transfer. Together with the private factors concerning convenience, which although mixed, still favor transfer, Continental Western has met its burden of demonstrating that transfer is appropriate.

## CONCLUSION

For all of the above reasons, defendant's motion to transfer, (Dckt. #14), is granted and the Clerk of the Court is directed forthwith to transfer this case to the Northern District of Texas.

**DATE: September 12, 2025**

                                              **Jeffrey I. Cummings**
                                              **United States District Court Judge**